**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LI HUA HE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 16-70685

Agency No. A202-075-270

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner Li Hua He seeks review of the Board of Immigration Appeals' (BIA) denial of his application for asylum.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

1. Substantial evidence supports the Immigration Judge's and the BIA's adverse credibility determination. *See Singh v. Gonzales*, 491 F.3d 1019, 1026 (9th Cir. 2007).

Petitioner He described an extraordinary series of events related to his wife's two pregnancies, but much of his story was implausible or inconsistent. For example, during his wife's first pregnancy, He claims that twenty-eight government officials appeared without warning at his home, beat him severely, abducted his wife, and forced her to undergo a late-term abortion at a clinic. But He had difficulty remembering certain details that seem unlikely to be forgotten, such as how far along his wife's pregnancy was when she was abducted by the government and how long the government held her before contacting him. And despite the forced abortion and aggressive show of force, He's wife was released without any instruction, warning, or monitoring from government family planning officials. He also claims that he and his wife spent her second pregnancy in hiding

---

[1] He previously raised claims for withholding of removal and for protection under the Convention Against Torture, but he withdrew those claims at his hearing.

from government officials. Yet He's wife gave birth in a government hospital after He left her a week earlier to come to the United States. And He's timeline for his wife's second pregnancy is somewhat implausible, as it places the birth of his daughter in August 2014, about 10 months after his wife learned she was pregnant in October 2013.[2]

The record before us does not compel a finding that He was credible, and the Immigration Judge and the BIA appropriately found that He's testimony was not believable. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wang v. Sessions*, 861 F.3d 1003, 1007–08 (9th Cir. 2017). He therefore failed to show that he has a well-founded fear of persecution. *See Wang*, 861 F.3d at 1009.

2. Petitioner He was not denied his right to due process during the proceedings before the Immigration Judge and the BIA. He was afforded an adequate opportunity to present his case, but simply failed to persuasively explain the inconsistencies and discrepancies in his testimony. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973-74 (9th Cir. 2004).

**PETITION DENIED**.

---

[2] Because the parties are familiar with the facts, we do not recount them in detail here, nor do we provide an exhaustive list of the inconsistent and incredible aspects of He's testimony.